UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAKUJA CRYSTAL VANG, | |
| Plaintiff, | |
| -against- | 1:25-CV-7150 (LTS) |
| VALDESE WEAVER; USA GOVERNMENT; SOLICITOR GENERAL OF THE UNITED STATES, | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Pakuja Crystal Vang, who describes herself as homeless but residing within New York, New York, filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), the Family and Medical Leave Act of 1993 ("FMLA"), the New York State and City Human Rights Laws, and other unspecified claims under state law. She sues: (1) Valdese Weaver, of either Valdese or Connelly Springs, Burke County, North Carolina, which appears to be her former employer; (2) the "USA Government," which the Court understands to be the United States of America; and (3) the Solicitor General of the United States. Plaintiff asserts claims of what appear to be retaliation and employment discrimination allegedly arising from her former employment with Valdese Weaver in North Carolina.

On September 12, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court drops, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the United States of America and the Solicitor General of the United States as defendants in this action, and transfers, under 28

U.S.C. § 1406(a), the remaining claims in this action to the United States District Court for the Western District of North Carolina.

## DISCUSSION

A.  Rule 21

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, drop a defendant from an action when the plaintiff "alleges nothing about [that] named defendant[] and therefore has not stated a claim against [it] or shown that [it is] properly joined to th[e] action." *Ponce-Melendres v. Doe Orange Cnty. Jail Admin. Off.*, No. 7:20-CV-7710 (VB), 2020 WL 7343025, at *2 (S.D.N.Y. Dec. 14, 2020); *see Calhoun v. Yonkers Police Dep't*, No. 7:25-CV-4789 (JGLC), 2025 WL 2391450, at *2 (S.D.N.Y. Aug. 18, 2025); *Tanjucto v. NYLife Secs. LLC*, No. 1:23-CV-4889 (BCM), 2024 WL 1258385, at *2 (S.D.N.Y. Mar. 25, 2024).

Plaintiff alleges nothing about the United States of America or the Solicitor General of the United States. It is clear to the Court that this action arises from injuries that, Plaintiff alleges, she sustained from her former employer, Valdese Weaver, and have nothing to do with the United States of America or the Solicitor General of the United States. The Court therefore drops, under Rule 21, the United States of America and the Solicitor General of the United States as defendants in this action.

B.  **Transfer of remaining claims against Valdese Weaver**

    1.  **Claims under Title VII, the ADA, and the Rehabilitation Act**

Under the applicable venue provision for Plaintiff's claims against Valdese Weaver under Title VII, the ADA, and the Rehabilitation Act, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA); 29 U.S.C. § 794a(a)(1) (same for employment-discrimination claims under the Rehabilitation Act).

Plaintiff seems to allege that the events that are the bases of her claims occurred at a Valdese Weaver plant located in Valdese or Connelly Springs, Burke County, North Carolina. (ECF 1, at 3, 5-6, 12-13.) It also appears that the relevant records would be located within either of those locations. If further appears that Plaintiff alleges that she would have worked at one of those locations but for the alleged unlawful employment practice. Burke County, North Carolina, lies within the Western District of North Carolina. *See* 28 U.S.C. § 113(c). Thus, it would seem that any federal district court within the State of North Carolina, including the United States District Court for the Western District of North Carolina, but not this court, is a proper venue for Plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act.

    2.  **Claims under the FMLA and under state law**

Claims under the FMLA are governed by the general venue provision at 28 U.S.C. § 1391(b). *See Rosol v. New York City Hous. Auth.*, No. 1:25-CV-5183 (JMF), 2025 WL

1808897, at *1-2 (S.D.N.Y. July 1, 2025). The same is true for Plaintiff's claims under state law. Under Section 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Valdese Weaver, the remaining defendant, would seem to reside in Burke County, North Carolina (ECF 1, at 2-3, 5, 12-13), within the Western District of North Carolina, *see* § 113(c), and not within this judicial district.[1] Thus, the United States District Court for the Western District of North Carolina, and not this court, appears be a proper venue for Plaintiff's claims under the FMLA, and under state law, under Section 1391(b)(1). In addition, because Plaintiff alleges that a substantial part, if not all of the alleged events took place in Burke County, North Carolina, and not within this judicial district, the abovementioned federal district court, and not this one, is also a proper venue for those claims under Section 1391(b)(2).

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

4

### 3. This court is the wrong venue for Plaintiff's remaining claims

Because this court is not a proper venue for any of Plaintiff's remaining claims, this court is the wrong venue for all of them. Under 28 U.S.C. § 1406, if a plaintiff files a civil action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the United States District Court for the Western District of North Carolina is a proper venue for all of Plaintiff's remaining claims, *see supra* at 3-4, in the interest of justice, the Court transfers Plaintiff's remaining claims in this action to that court. *See* § 1406(a).

### CONCLUSION

The Court drops, under Rule 21 of the Federal Rules of Civil Procedure, the United States of America and the Solicitor General of the United States as defendants in this action. *See* Fed. R. Civ. 21. With respect to Plaintiff's remaining claims in this action, the Court directs the Clerk of Court to transfer them to the United States District Court for the Western District of North Carolina. *See* 28 U.S.C. § 1406(a). A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 12, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge